IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CYNTHIA HELTON BRIGGS                                            PLAINTIFF

vs.                               Civil No. 4:12-cv-04125

CAROLYN W. COLVIN                                                DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Cynthia Briggs ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Supplemental Security Income ("SSI"), and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.**     **Background:**

Plaintiff filed her disability applications on April 26, 2010. (Tr. 49). In her applications, Plaintiff alleges being disabled due to a bad back and neck. (Tr. 206). Plaintiff alleges an onset date of August 1, 2004. (Tr. 214). These applications were denied initially and again on reconsideration. (Tr. 49, 94-100, 103-106).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing

request was granted. (Tr. 107-131). An administrative hearing was held on June 7, 2011. (Tr. 58-89). At the administrative hearing, Plaintiff was present and was represented by Decker Barnett. *Id.* Plaintiff, her witnesses William Briggs and Kimberly McAdams, and Vocational Expert ("VE") Julia Crume testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(d) (2008) (DIB). (Tr. 61). Plaintiff also testified at the administrative hearing in this matter that she stopped going to school in the eleventh grade and did obtain her GED. (Tr. 61-62).

On June 24, 2011, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 49-54). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2009. (Tr. 51, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 1, 2004, her alleged onset date. (Tr. 51, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine. (Tr. 51, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 52, Finding 4).

The ALJ evaluated Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 52-53, Finding 5). In making this evaluation, the ALJ indicated he considered Plaintiff's subjective complaints and found they were not credible to the extent she alleged. (Tr. 52). Second, the ALJ found the Plaintiff had the RFC to perform light work with postural limitations. (Tr. 52, Finding 5).

Next, the ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 53, Finding 6). The ALJ determined her PRW included work as a store manager, cashier and bartender. *Id.* The ALJ

found Plaintiff did retain the capacity to perform her PRW. *Id.* Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability as defined by the Act from her application date or from August 1, 2004 through the date of his decision. (Tr. 54, Finding 7).

Thereafter, on June 7, 2012, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 8). On September 19, 2012, the Appeals Council declined to review this disability determination. (Tr. 1-6). On October 17, 2012, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

2.   **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff raises the following four arguments for reversal: (1) the ALJ erred

in finding Plaintiff did not meet a Listing; (2) the ALJ erred in discrediting Plaintiff's treating physician's opinions; (3) the ALJ improperly discredited Plaintiff's subjective complaints; and (4) the ALJ erred in his hypothetical question asked of the VE. ECF No. 11 at 11-18. Upon review, the Court finds the ALJ improperly evaluated Plaintiff's subjective complaints. Thus, the Court will only evaluate Plaintiff's third argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. While the ALJ indicated the factors from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 had been considered (Tr. 52), a review of the ALJ's opinion shows that instead of evaluating these factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely reviewed the medical records and recognized the proper legal standard for assessing credibility. In his opinion, the ALJ only made the following perfunctory statement regarding Plaintiff's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 52).

The ALJ's failure to actually consider the *Polaski* factors, failure to provide any inconsistencies between Plaintiff's subjective complaints and the record, and his reliance on

Plaintiff's medical records alone was in error. *See Polaski,* 739 F.2d at 1322. Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

4.   **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that it be **REVERSED AND REMANDED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 31st day of October 2013.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE